[No. 1428, March 23, 1912.]

MARK WIGHT, Appellant, v. CITIZENS BANK, Appellee.

### SYLLABUS (BY THE COURT.)

A denial by the alleged maker of a promissory note, under oath, of the signature thereto, coupled with an allegation that the signature is a forgery, places in issue the genuineness and due execution of the same under Sub-Section 308, Chapter 107 of the Laws of New Mexico, 1907, and does not constitute an affirmative defense, casting upon the defendant the burden to establish by a preponderance of the evidence that he did not make and execute the note in question.

Appeal from the District Court of Union County, before C. J. ROBERTS, Associate Justice.

BEFORE, Hanna, J., Parker, J., and Abbott District Judge; Roberts, C. J., being disqualified having tried the case below.

H. E. LUTZ and JULIUS C. GUNTHER and OLIVER P. EASTERWOOD, for Appellant.

O. L. TOOMBS, for Appellee.

Instructions as to burden of proof under the pleadings. Stookesberry v. Swann, 22 S. W. 963; Laing v. Shirley, 61 S. W. 532; McCormick Harvesting Co. v. Doucette, 63 N. W. 95; Robinson v. Love, 31 Ia. 11; Anderson v. Cuthbert, 30 S. E. 244; I. Greenleaf Ev., sec. 557; Strickland v. Capital City Mills, 49 S. E. 478.

Insufficiency of the evidence. Puritan Co. v. Toti et al, 14 N. M. 432; Kitchen v. Schuster, 14 N. M. 177; Ponnell v. Louisville Tob. Co., 113 Ky. 630; McConnell v. Plaza, etc., Co., 59 N. Y. S. 368; Kerr v. Lunsford, 31 W. Va., 659; 2 L. R. A. 668.

## OPINION OF THE COURT.

ABBOTT, E. C., District Judge, sitting as Associate Justice.—This is an action for the collection of a promissory note. The complaint of the Citizens Bank, plaintiff below, sets forth a copy of the promissory note. The answer of Mark Wight, defendant below, alleged maker of the note, is under oath and contains the following allegation:

"Further answering herein, defendant states the fact to be that the purported note of this defendant, as herein sued upon, was at no time signed by this defendant; that the same is a forgery; and that if the same bears the signature of this defendant that such signature is a forgery, and was not made by the defendant, and was not made by any authorized agent, or any other person with the knowledge and consent of this defendant."

Upon the issue thus presented the cause was tried by a jury and the Court gave the following instructions, to-wit:

"Instruction No. 3. If you find the allegations of plaintiff's complaint to have been proven true by a preponderance of the evidence, you will then pass to a consideration of the allegations contained in the defendant's answer; that is, whether or not the defendant made and executed this note."

"Instruction No. 4. The burden is upon the plaintiff to establish by a preponderance of the evidence all the material allegations of this complaint. The defendant having

set up an affirmative defense, the burden is upon the defendant to establish by a preponderance of the evidence that he did not make and execute the note in question."

The record shows that exceptions were subsequently taken and granted. Assignments of error three and four to the above instructions of the Court, are the first presented by counsels' brief and were the first argued and we shall therefore consider them first.

The sworn answer of appellant was sufficient, under Sub-Section 308 and Chapter 107 of the Laws of New Mexico, 1907, to put in issue the genuineness and due execution of the written instrument sued on, to-wit, a promissory note, and upon this issue the burden of proof rested with the plaintiff below. The statute referred to is a rule of evidence and not one of pleading. The instruction of the Court below was erroneous in placing the burden of proof on the defendant to prove that the written instrument was not genuine and was a forgery. We do not, therefore, deem it necessary to consider the other question presented and the case will be reversed and remanded.