## *EX PARTE* BENNETT.

1. Where a petition for the condemnation of a right of way contains a description of the land sought to be condemned, the judge of the Circuit is not without jurisdiction to impanel a jury under section 1551 of the General Statutes, because that such description is inexact and insufficient.

2. Where the charter prescribes that the railroad shall be built along a certain road, and the petition sets forth the name of the owner, the county in which the land is situate, and the length and width of the desired right of way, it would seem that such description was sufficient.

This was an original application to this court by John W. Bennett for a writ of *certiorari*. The opinion states the case.

*Messrs. Trenholm & Rhett*, for petitioner.

*Messrs. Howell & Murphy*, contra.

March 19, 1887. The opinion of the court was delivered by
MR. JUSTICE McIVER. This is an application to this court,
in the exercise of its original jurisdiction, for a writ of *certiorari*,
directed to the Court of Common Pleas for Colleton County,
requiring that court to send up the record of a certain case there
pending, for review by this court. The affidavit upon which the
application is based, states, in substance, that "The Green Pond,
Walterboro and Branchville Railway Company" instituted a pro-
ceeding in that court against the deponent, under sections 1550
and 1551 of the General Statutes, for the purpose of acquiring
a right of way over the lands of deponent; that a petition was
addressed to the Hon. A. P. Aldrich, the Judge of the Circuit
embracing Colleton County, the terms of which will be more par-
ticularly hereinafter stated, asking that the clerk of the court be
required to impanel a jury to ascertain the compensation which
should be paid for such right of way; that in conformity with
the prayer of said petition, his honor, Judge Aldrich, granted an
order directing the clerk to impanel such jury; that a jury was
accordingly organized, and they having failed to agree upon a
verdict, a second jury was impanelled, who, upon view of the
lands of deponent, rendered a verdict fixing the compensation
which said railway company should be required to pay to depo-
nent at the sum of three hundred dollars; that the railway com-
pany appealed from said verdict, and the appeal having been
heard by his honor, Judge Witherspoon, an order was granted by
him, setting aside said verdict, and ordering that an issue be
framed and submitted to a jury, to determine what should be the
amount of compensation allowed to the said John W. Bennett
for the right of way through his lands, condemned and taken by
said railway company; and that no further proceedings had been
taken in the cause. The applicant claims that there is a fatal
jurisdictional defect in the whole proceedings, in that the petition
addressed to Judge Aldrich, by which the proceedings were ini-
tiated, fails to contain any description of the lands required by

said company, and that without such description there is no juris-diction in the court to proceed with the condemnation of said land.

The act upon which this position is based is section 1551 of the General Statutes, and so much of that section as relates to the particular question under consideration reads as follows: "If the owner of said lands shall signify his refusal of consent to entry upon his lands, without previous compensation, the person or corporation requiring such right of way shall apply, by peti-tion, to the judge of the Circuit wherein such lands are situated, for the impanelling of a jury, to ascertain the amount which shall be paid as just compensation for the right of way required, in which petition shall be set forth a description of the lands, the names of the owners, the purposes for which the lands are required, and such other facts as may be deemed material."

Now, assuming for the purposes of this inquiry that the absence of any description of the land required by the railway company would be such a fatal jurisdictional defect as would ren-der all the proceedings heretofore had absolutely null and void, let us first inquire whether the petition does fail to set forth "a description of the lands." Its language is as follows: "1st. That the said company is desirous of constructing a railway from Green Pond to Walterboro, both in the county and State afore-said, over and across the lands of John W. Bennett, and, in pur-suance of the statute, it has caused a notice to be served upon him that the right of way over his lands was required for such purpose. 2nd. That said John W. Bennett has signified his refusal to consent to entry upon his lands without previous com-pensation. 3rd. That the said company's railway will extend about three-fourths of a mile through the lands of the said Ben-nett, and for the purposes of the company should be one hun-dred feet in width." Surely, it cannot be said that this petition contains *no* description, and inasmuch as the act only requires, as a condition precedent to the granting of an order for the organization of a jury of view, that the petition shall set forth "*a* description of the lands," it is quite certain that where the petition does set forth a description of the lands, it is not so fatally defective as to deprive the court of *jurisdiction*. For the act does not require that the petition shall set forth a *sufficient*,

or an *exact*, description of the lands, but simply *a* description; and where, as in this case, that is done, whatever other objections may be made to the petition, it cannot be objected to on the ground of a want of jurisdiction. If the description set forth in the petition is not sufficiently specific to enable the party to understand what particular land is required, that defect may be remedied in another way, but not by a plea to the jurisdiction.

Whether the description in this particular case was sufficient or not, we are not called upon to consider, inasmuch as the only question presented for our consideration is that of jurisdiction; but we may add that the applicant does not seem to have been misled by the want of any more specific description than that contained in the petition, as he seems to have participated in the proceedings without objection up to the time when the assessment of the jury of view was set aside by the court, and an issue was framed and ordered to be submitted to a jury of the court to ascertain the amount of compensation to which he was justly entitled. The petition informed him that the railway company required a strip of his land, one hundred feet wide and about three-fourths of a mile in length, for the construction of its road between Green Pond and Walterboro, and the charter of the company (18 *Stat.*, 168), expressly declared to be a public act, and of which, therefore, every one was bound to take notice, prescribed that the route of said railway, between those two points, should be "along the present mail route, and over the road known as the 'new road.'" So that it may be that the description was quite sufficient for all practical purposes. But however that may be, we have only to determine the question of jurisdiction, and we think it quite clear that there was no jurisdictional defect of the character claimed in the proceedings.

The judgment of this court is, that the application for a writ of *certiorari* should be refused, and it is so ordered.