(March 10, 1908.)

# W. H. RIDENBAUGH et al., Appellants, v. R. S. SANDLIN, Respondent.

[94 Pac. 827.]

WRIT OF ATTACHMENT—WHEN IMPROPERLY ISSUED—DISSOLUTION OF WRIT—WRIT MAY ISSUE ON ISSUANCE OF SUMMONS.

1. Under the provisions of sec. 4302, Rev. Stat., a writ of attachment may issue at the time of issuing the summons or at any time thereafter.

2. A writ of attachment issued prior to the issuance of any summons or to the appearance of the defendant in the case would be subject to discharge on motion on the ground that the same was improperly issued.

3. Where the plaintiff has commenced his action by filing his complaint, and demands of the clerk the issuance of a summons, and the clerk, in compliance therewith, issues what purports to be a summons, and thereafter issues a writ of attachment, the latter writ will not be quashed merely because the summons was irregular or in some respects failed to comply with the provisions of sec. 4140, Rev. Stat., or is in some respect vulnerable to the assault of a motion to quash.

4. The vitality and efficiency of a writ of attachment cannot in all cases and at all hazards be tested by the strength of the summons to withstand a motion to quash.

5. The fact that the clerk makes a mistake in drawing a summons and in some respect fails to comply with the statutory requirements, will not alone and of itself render the process as though no summons whatever had been issued, so as to subject the writ of attachment to dissolution on the grounds that no summons had been issued at the time of the issuance of the writ.

6. Under the provisions of sec. 3862, Rev. Stat., the court has control of its process, and may order a defective summons so amended as to conform to the requirements of the statute, and after amendment may order it withdrawn from the files and served.

7. A summons once returned and filed with the papers in the case becomes a file of the court which cannot be withdrawn without permission of the court, but the court may order it withdrawn and served upon any defendant in the case.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District for the County of Elmore. Hon. Edward A. Walters, Judge.

Action by plaintiff and writ of attachment issued. From an order made by the judge dissolving the attachment plaintiff appeals. *Reversed.*

Karl Paine, for Appellants.

If the summons as issued was merely defective, the court erred in dissolving the attachment, because a defective summons is nevertheless a summons, and satisfies the requirements of the statute that the writ shall not issue before the issuance of the summons. (*Whitwell v. Barbier,* 7 Cal. 54; *Porter v. Vandercook,* 11 Wis. 70; *Lyman v. Milton,* 44 Cal. 630; *Sweeney v. Schultes,* 19 Nev. 53, 6 Pac. 44; *McKnight v. Grant,* 13 Ida. 629, 121 Am. St. Rep. 287, 92 Pac. 989; *Ward v. Ward,* 59 Cal. 139; *Shinn v. Cummins,* 65 Cal. 97, 3 Pac. 133; *Ralph v. Lomer,* 3 Wash. 401, 28 Pac. 760; *Nix v. Gilmer,* 5 Okl. 740, 50 Pac. 131; *Baker v. Prewett,* 3 Wash. Ter. 474 (595), 19 Pac. 149; *Higley v. Pollock,* 21 Nev. 198, 27 Pac. 895; *Parke v. Wardner,* 2 Ida. 285, 13 Pac. 172.)

The court being expressly authorized by the statute to amend and control its process and orders so as to make them conformable to justice, erred in not permitting the appellants to amend the summons. (*Polack v. Hunt,* 2 Cal. 193; *Keybers v. McComber,* 67 Cal. 395, 7 Pac. 838; *Pinkiert v. Kornblum,* 5 Cal. App. 522, 90 Pac. 969.)

John F. MacLane, and Perky & Blaine, for Respondent.

The summons was void as against the attack made upon it.

Rev. Stat., sec. 4140, as amended by Laws 1907, p. 538, provides that the summons "must contain" five things, the third being a direction that the defendant appear and answer within twenty days, etc. This language is mandatory. (*Lyman v. Milton,* 44 Cal. 630; *Dyas v. Keaton,* 3 Mont. 495; *Sawyer v. Robertson,* 11 Mont. 416, 28 Pac. 456; *Sharman v. Huot,* 20

Mont. 555, 63 Am. St. Rep. 645, 52 Pac. 558; *Smith v. Aurich,* 6 Colo. 388; *Sidwell v. Schumacher,* 99 Ill. 433.)

Summons departing from the statutes in each and any of the requirements specified have been quashed, and as we understand it, a summons is effectively held void as against the attack made upon it when it is quashed. A defective writ successfully assaulted by a motion to quash, interposed in due season, is the same as no process at all. (*Smith v. Hackley,* 44 Mo. App. 614.) (1) Summons not signed by clerk: *Sharman v. Huot,* 20 Mont. 555, 63 Am. St. Rep. 645, 52 Pac. 558. See, also, *Wimbish v. Wofford,* 33 Tex. 109, where citation was signed by deputy and was held void. (2) Summons not sealed: *Choate v. Spencer,* 13 Mont. 127, 40 Am. St. Rep. 425, 32 Pac. 651, 20 L. R. A. 424; *Dexter v. Cochran,* 17 Kan. 447. (3) Summons failing to state names of the parties: *Lyman v. Milton,* 44 Cal. 630. (4) Insufficient statement of nature of action: *Smith v. Aurich,* 6 Colo. 388; *Chase v. Hagood,* 3 Ida. 682, 34 Pac. 811. (5) Giving insufficient time for appearance: *Whitwell v. Barbier,* 7 Cal. 54; *Fisher v. Cowley,* 57 W. Va. 312, 50 S. E. 422; *Mead v. Hartwell,* 31 N. Y. Supp. 674, 10 Misc. Rep. 662. (6) Summons containing notice that judgment would be taken when it should state that plaintiff would apply for relief and *vice versa: Sawyer v. Robertson,* 11 Mont. 416, 28 Pac. 456; *Ward v. Ward,* 59 Cal. 139.

The summons being defective in a material point is not amendable. For if a writ is void there is nothing to amend by. (*Sharman v. Huot,* 20 Mont. 555, 63 Am. St. Rep. 645, 52 Pac. 558; *Fisher v. Crowley,* 57 W. Va. 312, 50 S. E. 422; *United States v. Rose,* 14 Fed. 681.)

Furthermore, an amendment in this case would have been useless; the summons had been served and returned; its force was spent, it was *functus officio.* (*Fanning v. Foley,* 99 Cal. 336, 33 Pac. 1098.)

AILSHIE, C. J.—This is an appeal from an order dissolving an attachment. On November 20, 1907, the plaintiffs commenced their action by filing their complaint with the clerk of the district court. They thereupon caused a summons to

be issued.   This summons is conceded to be in regular form and in compliance with the statute, with the exception of the time in which the defendant was required to appear and answer.   The summons was evidently a form that had been used prior to the amendment of sec. 4140, Rev. Stat., and required the defendant to appear and answer within ten days if served within the county in which it was issued.   Sec. 4140, as amended at the ninth session (Sess. Laws, 1907, p. 530), requires the summons to contain, among other things, "the direction that the defendant appear and answer the complaint within twenty days if the summons is served within the district within which the action is brought and within forty days if elsewhere."   Immediately after the issuance of this summons, the plaintiff procured a writ of attachment to be issued against the property of defendant, which writ was thereafter served by levying upon certain of the defendant's property. After the service of the summons and writ of attachment, the defendant made a motion to quash the summons, and also a motion to dissolve the writ of attachment, and the plaintiffs made a counter-motion for leave to amend the summons previously issued so as to make it conform to the requirement of sec. 4140 as amended.   These motions all came on for hearing on January 6, 1908, before the district judge at chambers, and he thereafter sustained the motion to quash the summons and also the motion to dissolve the attachment and denied the plaintiffs' motion to amend the summons.   This appeal is from that part of the order of the district judge which dissolved the attachment.   The only question which presents itself for our consideration here is the meaning and intent of sec. 4302 of the Revised Statutes, in reference to the conditions under which a writ of attachment may issue.   The statute says: "The plaintiff at the time of issuing the summons, or at any time afterward, may have the property of the defendant attached," etc.   Sec. 4303 provided that, "The clerk of the court must issue the writ of attachment upon receiving an affidavit by or on behalf of the plaintiff," etc.   This motion was made under sec. 4321, which provides that the defendant may at any time after the issuance of a writ of attachment,

apply to the court on motion for a discharge of the writ of attachment "on the ground that the same was improperly or irregularly issued." The contention here made is that since the summons was not regular and in due form in its requirement as to the time within which the defendant should appear and answer, it must be treated as if no summons has been issued at all. If no summons had been issued, and no appearance had been made by the defendant, then, of course, the attachment was improperly issued. We apprehend that the only purpose the legislature had in providing that the writ of attachment should not issue until the issuance of a summons was to guard against the attachment and seizure of a defendant's property without requiring the plaintiff to, at the same time or previously, invoke the process of the court to bring the defendant into court and litigate the question of indebtedness if any issue is to arise over that question. In other words, the legislature did not intend to allow a plaintiff to commence an action and let his complaint lie in the files of the court for one year, as he may do under sec. 4139, Rev. Stat., and at the same time have the defendant's property attached and held under process for the payment of a debt that he has taken no steps to reduce to a final judgment. When a plaintiff comes to the point where he is in the notion of prosecuting his action to judgment and invoking a judicial determination as to the question of indebtedness and amount due him, then and in that case it was the evident purpose of the legislature to allow him a writ of attachment under the statutory conditions to secure the indebtedness which might be found due. The issuance of a summons is a ministerial duty imposed upon the clerk. The statute prescribes the form of the summons and certain things that it shall contain, and this is done for the aid and direction of the clerk in the issuance thereof. The fact that a plaintiff demands of the clerk the issuance of a summons indicates clearly and unequivocally his intention to prosecute his action to judgment, and, in our opinion, such demand made on the part of the plaintiff and an attempted compliance therewith on the part of the clerk, constitutes a compliance with the requirements of sec.

4302, and entitles the plaintiffs to further demand and receive a writ of attachment by which process he may have the defendant's property seized. The fact that the clerk makes such a mistake in the summons as to avoid the process entirely, or to merely render it so defective as to subject it to a motion to quash, is not sufficient, in our opinion, to avoid the writ of attachment or justify its dissolution. Of course, a total failure to issue a summons would be grounds for the dissolution of the attachment. But the validity and efficiency of the writ cannot in all cases and at all hazards be tested by the strength of the summons to withstand the assault of a motion to quash it. On the contrary if the defendant should appear in the case without the issuance of any summons at all, and thereby render a summons unnecessary, that fact could certainly not deprive the plaintiff of the benefit of a writ of attachment in a case where he would otherwise be entitled to such writ.

There is no doubt but that the summons in this case was open to the motion to quash, for the reason that under the statute the defendant is entitled to twenty days in which to answer. If a judgment had been entered against him by default at the expiration of the ten day period, the judgment would have doubtless been void. A different question would probably have arisen, however, had the defendant not appeared and the plaintiff had waited until after the expiration of the twenty day period prescribed by the statute, and had then applied to the court for a default judgment; or had the defendant appeared and moved to quash the summons after the expiration of the full period of twenty days allowed him by statute in which to answer. That contention does not arise here and, of course, we are not called upon to express any opinion as to the validity of a summons attacked under such circumstances. We merely suppose such a case as an illustration of the objects and purposes of the statute. Under sec. 3862, Rev. Stat., we have no doubt of the power and right of the trial court to order the amendment of a summons such as this to make it conform to the requirements of the statute. That section provides as follows: "Every court has power . . . . 8. To amend and control its process and orders, so as

to make them conformable to law and justice." The contention that a summons once returned and filed is *functus officio*, and cannot be given life and effect by an order of the court, is not well founded. As soon as it becomes a file of the court, it is beyond the power of any party to the action to withdraw it without an order of court to that effect; but the court itself has control over the records and files in a case as well as over its own process, and it might order a summons already issued and on file to be withdrawn for service, or order an entirely new summons, as justice and the exigencies of the case may demand. (*Hancock v. Preuss,* 40 Cal. 572; *Coffin v. Bell,* 22 Nev. 169, 58 Am. St. Rep. 738, 37 Pac. 240.)

The trial court erred in dissolving the writ of attachment. The order is reversed and cause remanded. Costs in favor of appellant.

Sullivan, J., and Stewart, J., concur.