(May 31, 1915.)

EMPIRE MILL COMPANY, a Corporation, Plaintiff, v.
THE DISTRICT COURT OF THE EIGHTH JUDI-
CIAL DISTRICT OF THE STATE OF IDAHO, IN
AND FOR THE COUNTY OF BENEWAH, and Hon-
orable JOHN M. FLYNN, Judge of said District Court,
Defendants.

[149 Pac. 499.]

EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—NOTICE—SUFFICIENCY
OF TIME—DESCRIPTION OF PROPERTY—ABBREVIATIONS—DEFECTS IN
PLEADINGS OR PROCEEDINGS AFFECTING RIGHTS OF PARTIES—DIS-
TRICT COURT'S CONTROL OF ITS PROCESS.

1. Sec. 5226, Rev. Codes, being part of the title on eminent
domain, provides for the appointment by the district court, upon
ten days' notice, of commissioners to assess damages sustained by
reason of the condemnation of the property described in the com-
plaint, but does not provide what such notice shall contain, or in
what way proof of service of notice may be made. Sec. 5228, Rev.
Codes, of the same title, provides: "Except as otherwise provided
in this title, the provisions of this code relative to civil actions and
new trials and appeals, are applicable to, and constitute, the rules
of practice in the proceedings in this title."

2. Where it appears from the record that the defendants in con-
demnation proceedings were not within the jurisdiction of the dis-
trict court at the time notice for the appointment of commissioners
to assess damages was sought to be served upon them under sec.
5226, Rev. Codes, and that service by mail was made upon them
as provided by sec. 4890, Rev. Codes, such service was valid under
the provision of sec. 5228, Rev. Codes, and the proof thereof may
be established by competent evidence.

3. A technical construction should not be placed upon the pro-
cedure adopted in making service of notice for the appointment of
commissioners under the eminent domain statute, as long as the
proof establishes the fact that the service of such notice was actually
made; and when so made, the court has jurisdiction to make the
appointment.

4. Where service of notice for the appointment of commissioners,
under the eminent domain statute, is made on March 31, 1915, fixing
the date of hearing for the appointment of said commissioners on
April 10, 1915, the ten days' notice required by the statute is given,
the time being correctly computed under sec. 11, Rev. Codes.

5.   In a notice of hearing on application for the appointment of commissioners in condemnation proceedings, the following description of land sought to be condemned, "Said land sought to be appropriated being a strip of land 50 feet in width over, upon and across the south half of the northwest quarter and the northwest quarter of southwest quarter of section 3, township 43 north of range 1, W. B. M., in Kootenai county, Idaho," is sufficient to identify the land sought to be condemned, when, in the same notice, *reference is made, as a part thereof, to the complaint filed in the action*, for a more complete description of the property; it being only required in such notice to apprise the owner how much of his land is to be condemned, what portion thereof and for what purpose, and it appearing from reference to the complaint that a competent surveyor could readily locate the land sought to be condemned.

6.   The court will take judicial notice of the meaning of abbreviations in common use describing legal subdivisions of land by meridian, township and range.

7.   In a proceeding of this nature the court will apply the rule prescribed in sec. 4231, Rev. Codes, viz., "The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and no judgment shall be reversed or affected by reason of such error or defect."

8.   Under the provisions of sec. 3862, Rev. Codes, the court has control of its process, and may order a defective summons so amended as to conform to the requirements of the statute, and after amendment may order it withdrawn from the files and served. (*Ridenbaugh v. Sandlin,* 14 Ida. 472, 125 Am. St. 175, 94 Pac. 827, cited and followed.)

Original application for a writ of prohibition.   Demurrer to the petition sustained, *writ denied* and proceeding dismissed.

C. W. Beale, for Plaintiff.

The notice required by statute is jurisdictional, and must be given in strict conformity to the statute.   A failure, therefore, to give the notice required is a fatal error, which if not waived by an appearance or otherwise, renders the proceedings absolutely void, even when called in question collaterally.   (Lewis on Eminent Domain, 3d ed., secs. 570, 583.)

In the case of *Thomas v. Boise City,* 25 Ida. 522, 138 Pac.

1110, referring to a judgment of the lower court holding proceedings in a case where Boise City attempted to condemn certain property as unauthorized by law and null and void, where no personal notice was given to the defendant of intention to take his property in such proceedings, this court affirmed the judgment of the lower court. By the provisions of sec. 4894, Rev. Codes, such notice, being process, cannot be served by mailing.

This attempted service of notice on the auditor of Kootenai county is unauthorized by sec. 4144, Rev. Codes, as amended on pages 185 and 186, Sess. Laws of 1909. This court in *Brooks v. Orchard Land Co., Ltd.*, 21 Ida. 212, 121 Pac. 101, specifically held that the service of the summons under this statute on the county auditor was not personal. "Where a notice is required, and the mode of service is not specified, the law requires that it shall be personal." (*Chicago & Alton R. R. Co. v. Smith*, 78 Ill. 96; *Leach v. Cargill*, 60 Mo. 316.)

As no provision has been made by the legislature of Idaho for constructive or substituted service of this notice during the absence of the officers of said applicant from Idaho, it was not within the power of either of said defendants herein to legislate in such case or to enact into our statutes some provision for the relief of said plaintiff in said action that had not been granted by our legislature. (Lewis on Eminent Domain, 3d ed., sec. 367; *In re Niagara Falls & W. Ry. Co.*, 108 N. Y. 375, 15 N. E. 429.)

The authority to condemn must be strictly construed. (Lewis on Eminent Domain, sec. 388; *Inspiration Con. Copper Co. v. New Keystone Copper Co.* (Ariz.), 144 Pac. 277.)

At the time the district court sustained applicant's motion to quash and set aside the service of the summons and complaint, and the former notice in said action, the original summons therein had been returned into court and had become *functus officio* and no longer a live and existing process in said action. (*Strode v. Strode*, 6 Ida. 67, 96 Am. St. 249, 52 Pac. 161.)

It is the rule of decision of this court that in giving a notice not within the provisions of sec. 11, Rev. Codes, the day of service is excluded; the first day of such notice does not count, and the first day of notice commences with the next day. (*Seawell v. Gifford,* 22 Ida. 295, Ann. Cas. 1914A, 958, 125 Pac. 182.)

Since the plain and reasonable construction of sec. 5226 requires ten days' notice to the adverse party before the day of hearing, a notice given at any time within such proposed ten days does not constitute ten days' notice; hence the pretended notice served on March 31, 1915, did not give ten days' notice prior to April 10, 1915. (*People ex rel. Platt v. Highway Commissioner,* 38 Mich. 247; *Coquard v. Boehmer,* 81 Mich. 445, 45 N. W. 996.)

Ezra R. Whitla, for Defendant.

This notice may be served as any notice may be served in any proceeding pending in any court. (Sec. 5228, Rev. Codes; *Chicago, Milwaukee & St. Paul Ry. Co. v. Trueman,* 18 Ida. 687, 112 Pac. 210.)

"Some statutes have provided in general language for the giving of reasonable notice of proceedings without specifying the form or manner of notice. Under such statutes it has been held that notice by publication or by mailing was sufficient." (Lewis on Eminent Domain, 3d ed., sec. 571.)

Notice served March 31st setting hearing for appointment of commissioners for April 10th is ten days' notice. (*Hannah v. Green,* 143 Cal. 19, 76 Pac. 708; *Bellmer v. Blessington,* 136 Cal. 3, 68 Pac. 111; *Dean v. Grimes,* 72 Cal. 442, 14 Pac.178; *Young v. Krueger,* 92 Wis. 361, 66 N. W. 355; *Smith v. Force,* 31 Minn. 119, 16 N. W. 704; *Chaddock v. Barry,* 93 Mich. 542, 53 N. W. 785, 18 L. R. A. 337; *Ball v. Mander,* 19 How. Pr. (N. Y.) 468; *Foster v. Markland,* 37 Kan. 32, 14 Pac. 452; *Warner v. Bucher,* 24 Kan. 478; *Misch v. Mayhew,* 51 Cal. 514; *State ex rel. Currie v. Weld,* 39 Minn. 426, 40 N. W. 561; *Village of Excelsior v. Minneapolis & St. P. S. Ry. Co.,* 108 Minn. 407, 133 Am. St. 455, 120 N. W. 526, 17 Ann. Cas. 550;

*Klein v. Tuhey,* 13 Ind. App. 74, 40 N. E. 144; *Howbert v. Heyle,* 47 Kan. 58, 27 Pac. 116.)

With regard to sufficiency of description in notice the owner is presumed to know the, description, and technicalities required of descriptions between persons who know nothing of the land are not, and should not be, indulged in as between owners thereof and those familiar with the location. (*Kuschke v. City of St. Paul,* 45 Minn. 225, 47 N. W. 786.) If the description contained in the complaint, together with the survey as shown on the map, is sufficient so that an engineer can locate the property with reasonable certainty, then the description is good. (2 Lewis on Eminent Domain, 3d ed., p. 980, par. 549; *Kansas City C. & S. R. Co. v. Story,* 96 Mo. 611, 10 S. W. 203; *Cory v. Chicago B. & K. C. Ry. Co.,* 100 Mo. 282, 13 S. W. 346; *Madera County v. Raymond Granite Co.,* 139 Cal. 128, 72 Pac. 915; *St. Louis, O. H. & C. Ry. Co. v. Fowler,* 113 Mo. 458, 20 S. W. 1069; *Hollister v. State,* 9 Ida. 651, 77 Pac. 339; *Fremont E. & M. V. R. Co. v. Mattheis,* 35 Neb. 48, 52 N. W. 698; *Collins v. Rupp,* 109 Ind. 340, 10 N. E. 91; *Casey v. Kilgore,* 14 Kan. 478.)

The courts take judicial knowledge of the abbreviations for meridian and range within their respective districts. (*Stanton v. Hotchkiss,* 157 Cal. 652, 108 Pac. 864; *McChesney v. City of Chicago,* 173 Ill. 75, 50 N. E. 191; *Armstrong v. Jarron,* 21 Ida. 747, 125 Pac. 170; *Taylor v. Wright,* 121 Ill. 455, 13 N. E. 529; *Jenkins v. M'Tigue,* 22 Fed. 148.)

"It is only where by reason of incorrect notice the defendant has been misled and where he might be injuriously affected by such variance that the court will take notice of mere irregularities." (*Harpold v. Doyle,* 16 Ida. 671, 102 Pac. 158.)

Under the provisions of sec. 3862, Rev. Stats., the court has control of its process, and may order a defective summons so amended as to conform to the requirements of the statute, and after amendment may order it withdrawn from the files and served. (*Ridenbaugh v. Sandlin,* 14 Ida. 472, 125 Am. St. 175, 94 Pac. 827; *Hancock v. Preuss,* 40 Cal. 572.)

BUDGE, J.—This is an original application for a writ of prohibition to the district court of the eighth judicial district in Benewah county, and Hon. John M. Flynn, judge of said district court, commanding said court and judge to desist and refrain from entertaining jurisdiction of a motion for the appointment of commissioners, or to appoint commissioners to assess or determine the damage or damages which the petitioner will sustain, or is entitled to recover by reason of the appropriation or condemnation of a certain strip of land owned by the applicant, decribed in the notice of the Tyson Creek Ry. Co., said strip of land to be used for the construction, maintenance and operation of a railroad.

The applicant in its affidavits for the writ attacks the sufficiency of the notice for appointment of commissioners to assess damages, as well as the service of said notice, setting up in said affidavits substantially the following, as a statement of the proceedings had, upon which its objections are based:

On February 15, 1915, the Tyson Creek Railway Company, as plaintiff, commenced an action in the district court of the eighth judicial district for the county of Benewah, against the Empire Mill Company, a corporation, as defendant, by filing its complaint in said action. Thereafter an attempt was made to serve upon the defendant corporation by the plaintiff therein the summons and complaint and notice of motion for appointment of commissioners. After said attempted service, the defendant Empire Mill Company appeared specially and moved to quash and set aside the pretended service of said summons and notice, which motion was, on March 16, 1915, by the trial court granted. Thereafter on March 16, 1915, the attorney for the plaintiff secured an order from said district court authorizing the withdrawal of said original summons for reservice, and on March 31, 1915, made an attempt to serve the defendants with said summons and notice of motion for appointment of commissioners, by causing a copy of said summons and notice to be served by the sheriff of Kootenai county on D. E. Danby, auditor of said county. Prior to the service made upon the said Danby, the sheriff of Kootenai county made his return to said summons, to the effect that

the president, secretary, cashier and managing agent of said corporation were all absent from the state of Idaho and none of the officers of said company could be found within the state of Idaho, and he therefore served said summons, complaint and notice for the appointment of commissioners on Danby, county auditor of Kootenai county. On April 10, 1915, the plaintiff filed the affidavit of one Emil Elder which, in substance and effect, sets out that said Elder is a citizen of Idaho of the age of twenty-one years, not a party to the action; that he was the deputy clerk of the district court, and deputy auditor and recorder of Kootenai county; that a copy of the summons and complaint and a copy of the notice for the appointment of commissioners in an action then pending in the district court of the eighth judicial district in Benewah county, wherein the Tyson Creek Railway Company was plaintiff and the Empire Mill Company defendant, was on March 31, 1915, by him deposited in the postoffice of the city of Coeur d'Alene directed to the Empire Mill Company, Harrison, Idaho, with the postage thereon prepaid; that said Empire Mill Company has its principal place of business and office at Harrison, Kootenai county, Idaho, about eighteen miles from Coeur d'Alene, between which places there is a regular communication of mail, and said papers were deposited in the postoffice of the city of Coeur d'Alene for the purpose of being delivered through United States mails to the Empire Mill Company at its place of business in Harrison, Kootenai county, Idaho.

On April 10, 1915, counsel for petitioner herein filed, in the district court of the eighth judicial district, in Benewah county, a motion to quash and set aside service of notice of motion for appointment of commissioners, and to quash and dismiss said notice and the motion for appointment of commissioners mentioned therein, basing said motion upon the files and records in the action, and upon the affidavits of Lawrence F. Connolly and John J. Connolly. Counsel for the Tyson Creek Railway Company filed the counter-affidavits of William Dollar and Harry Sawyer. Thereupon counsel for

petitioner filed additional affidavits of Lawrence F. Connolly, Joseph J. Kroetch and Albert A. Kroetch.

The motion of the defendant to quash and set aside the service of plaintiff's notice of motion for appointment of commissioners served on March 31, 1915, in the manner as herein stated, came on regularly for hearing at Coeur d'Alene, Idaho, on April 28, 1915, before Judge John M. Flynn; C. W. Beale, Esq., appearing specially for defendant in support of said motion, and Ezra R. Whitla, Esq., appearing for plaintiff in opposition thereto.

The court having been informed of the contents of the affidavits of the respective parties, and after hearing the arguments of counsel denied the motion and ordered that said application of plaintiff for the appointment of commissioners be taken up and heard at Coeur d'Alene, on May 7, 1915, at 10 o'clock in the forenoon of said day.

In order to forestall the hearing of said motion for the appointment of said commissioners, and their appointment, counsel for Empire Mill Company applied to this court, and, upon an *ex parte* hearing, obtained an alternative writ of prohibition returnable on May 11, 1915, before this court at Coeur d'Alene.

Upon the return day fixed for the hearing upon said alternative writ, counsel for the Tyson Creek Railway Company interposed a demurrer to petitioner's application and affidavit for said writ of prohibition, and motion to quash; and, without waiving the objections urged in said demurrer and motion, filed the answer of the Tyson Creek Railway Company. Said matter thereafter came on regularly for hearing upon the demurrer and motion to quash.

The demurrer, in our opinion, raises all of the issues involved in this proceeding. We will therefore direct our attention first to the service of the notice for the appointment of commissioners to assess and determine the damages that defendant will sustain by reason of the condemnation and appropriation of the property described in the action. From the record in this case, the Empire Mill Company is composed of Lawrence F. Connolly and John J. Connolly, whose affidavits

have been heretofore referred to. It also appears that, prior to the date upon which the service of summons and notice to appoint commissioners was quashed at a hearing had before the judge of the eighth judicial district, the Connollys were frequently within the jurisdiction of the court. Immediately subsequent, however, to the sustaining of said motion and the quashing of said service and notice for the appointment of commissioners, the Connollys absented themselves from the jurisdiction of the court and remained practically all of the time in the city of Spokane. Whether their absence was intentional or otherwise becomes immaterial, provided the service can be made in the manner in which, as appears from the record in this case, it was made.

The proceeding to condemn land under sec. 5226, Rev. Codes, is a summary proceeding; the object and purpose of the statute being to enable a party, who, under the law, is authorized to condemn land under said section upon a compliance therewith to obtain the immediate possession of the land sought to be condemned, in order to put said land to the particular public use intended with as little hindrance as possible. Said section provides, *inter alia:* "That at any time after the commencement of proceedings in the district court, as provided for in this title, to condemn property, and upon ten days' notice to the adverse party, the district court or the judge thereof may appoint three disinterested persons, who shall be residents of the county in which the land is situated, as commissioners to assess and determine damages that the defendant will sustain by reason of the condemnation and appropriation of the property described in the complaint, and the said commissioners shall, before entering upon the discharge of their duties, take and subscribe an oath to faithfully and impartially discharge their duties as such commissioners." It will be observed upon reading sec. 5226 that it fails to provide what the notice shall contain, how service shall be made, or in what manner proof of service of notice may be made. Sec. 5228, Rev. Codes, which is a part of the title on eminent domain, provides: "Except as otherwise provided in this title, the provisions of this code relative to civil actions

and new trials and appeals, are applicable to, and constitute, the rules of practice in the proceedings in this title." In *Chicago, Milw. & St. Paul Ry. Co. v. Trueman,* 18 Ida. 687, 112 Pac. 210, this court said: "It will be observed that this latter section [sec. 5228] makes the provision of the code relative to civil actions applicable, 'except as otherwise provided in this title.' "

Sec. 4890, Rev. Codes, provides: "Service by mail may be made where the person making the service and the person on whom it is made reside, or have their offices, in different places between which there is a regular communication by mail."

Sec. 4891, Rev. Codes, provides: "In case of service by mail the notice or other paper must be deposited in the postoffice, addressed to the person on whom it is to be served, at his office or place of residence, and the postage paid. The service is complete at the time of the deposit. . . . . "

From the record in this case it is established that on March 31, 1915, the Connollys were not within the jurisdiction of the district court of the eighth judicial district, when the notice for the appointment of commissioners was served upon the auditor of Kootenai county, and when said notice was mailed by the auditor's deputy to the Empire Mill Company at Harrison, Idaho, where their regular place of business is located. That the notice for the appointment of commissioners was served in the manner, at the time, and upon the person as set out in the sheriff's return is not denied; neither is the fact controverted that the notice of intention to appoint commissioners was regularly mailed by Elder, addressed to the place of business of the petitioner.

We are of the opinion that, under a statute such as we have in this state, which is silent in so far as the manner and proof of service of notice to appoint commissioners is concerned, service by mail as provided by sec. 4890, Rev. Codes, *supra,* constitutes a valid service and the proof of said service may be established by proper legal testimony, either oral or in writing.

There is no denial in this case that the Empire Mill Company received the notice for the appointment of the commis-

sioners.    The contention of counsel for petitioner is directed
against the manner of service; that the service cannot be made
upon the Empire Mill Company in any other way than by
personal service upon the president, secretary, or other officer
of the company designated in the statute upon whom service
might be made, in an ordinary action at law.    We cannot
agree with counsel upon this proposition.    As we view it, it
is not so much a question of mere service, or the means adopted
in order to obtain the service, but rather *the fact of service,*
which would confer upon the court the jurisdiction to appoint
the commissioners.    No undue advantage could possibly be
taken of petitioner by reason of the appointment of the com-
missioners.    No snap judgment could be taken.    Objections
to the personnel of the commission could not be urged until
after said commission was appointed.    Sec. 5226, Rev. Codes,
*supra,* provides expressly that said commissioners so appointed
must be disinterested; that they must be residents of the
county in which the land is situated; that they ''shall give
at least five days' notice in writing of the time and place
where they will meet for the purpose'' of determining the
damage that the defendant will sustain by reason of the con-
demnation and appropriation of the property described in
the complaint, ''which place, unless agreed upon between the
two parties, shall be within five miles of the premises afore-
said.''    In view of the fact that the statute requires commis-
sioners to give notice of the time and place of the hearing,
there is no reason why a technical construction should be
placed upon the method of mere service of the notice for the
appointment of commissioners, so long as the proof establishes
the fact that the service of the notice was in truth and in
fact made; and when so made, the court has jurisdiction to
make the appointment.

Counsel's objection was not that he had not sufficient time
between the hearing of the application for the appointment
of the commissioners and the time when said commissioners
would be appointed within which to prepare to resist the ap-
pointment, or to make all necessary preparation for the hear-
ing, but that he had not been duly notified of the time when

the commissioners would be appointed. (*Burden v. Stein*, 25 Ala. 455.) Had counsel requested a continuance of the cause for this purpose, no doubt the same would have been granted, the court having power so to do. (*Bowman v. Venice & Carondelet Ry. Co.*, 102 Ill. 472.)

Counsel for Empire Mill Company contends that the service of the notice for the appointment of commissioners on March 31, 1915, fixing the date of hearing for the appointment of said commissioners on April 10, 1915, is not ten days' notice. Sec. 11, Rev. Codes, provides: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." Sec. 12 of part 1, California Code of Civil Procedure, contains the same provision as section 11 of the Idaho Revised Codes, and has been frequently construed by the supreme court of California. In the case of *Misch v. Mayhew*, 51 Cal. 514, in construing said section 12, the court held: "In a contest concerning an election to an office, the three days' notice which a party who relies on illegal votes given for his adversary must give of the illegal votes he expects to prove are to be computed by including the first day and excluding the last." In that case the trial took place on the 10th and the list was served on the 7th. The court held that that was three days' notice. Learned counsel for the petitioner in the case at bar contends that the time intervening between March 31, 1915, and April 10, 1915, in order to constitute ten days' notice under sec. 5226, Rev. Codes, must include the whole of the tenth day of April and up to and on to the eleventh day of April, and that, as the notice was served on the 31st day of March, the full ten days had not expired. In answer to a like contention, the supreme court of California, in the case above cited, held that the contention was without merit.

In the case of *Hannah v. Green*, 143 Cal. 19, 76 Pac. 708 the court said: "Appellant contends that the court erred in denying his motion to dismiss the proceedings upon the ground that there had not been a compliance with sec. 1118, Code Civ. Proc., in that the day named in the order for a

special session of the court to hear the contest was less than 10 days from the date of the order, but this contention is not maintainable._ The statement of contest was filed on December 1, 1902, and the order was made on that day fixing the 11th of that month for the hearing. This was 'not less than ten days.' ''

In the case of *Bates v. Howard,* 105 Cal. 173, 38 Pac. 715, the court said: ''The notice posted on the 12th day of July, giving notice of a hearing of the petition on the 22d day of the same month, was sufficient as a 10-days' notice, under sec. 1373 of the Code of Civil Procedure. Sec. 12 of the Code of Civil Procedure provides that 'the time within which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded.' ''

It is next contended by counsel for Empire Mill Company, that the description of the property contained in the notice is insufficient to give the court jurisdiction. The notice contains the following (after entitling the court and the cause):

''To the Empire Mill Company, a Corporation, the Above-named Defendant.

''You will please take notice that the plaintiff in the above-entitled action will move the Honorable R. N. Dunn, one of the judges of the above-entitled court, at the court room in the City of Coeur d'Alene, Kootenai County, State of Idaho, on the 10th day of April, A. D. 1915, at the hour of ten o'clock A. M. of said day, for an order appointing commissioners to assess the damages which the defendant will sustain, or is entitled to by reason of the appropriation and condemnation of the lands of the defendant as prayed for in the complaint filed in this action and to which said complaint reference is hereby made as a part of this notice for further description of the property and objects of said condemnation.

. . . .

''Said land sought to be appropriated being a strip of land 50 feet in width over, upon and across the South half of the Northwest quarter and the Northwest quarter of South-

west quarter of Section 3, Township 43, North of Range 1, W. B. M., in Kootenai County, Idaho, and being sought to be taken for the purpose of constructing a line of railroad upon, over and across the same.''

The land in question is located in Benewah county. The notice inadvertently omitted the word ''Benewah'' and inserted the word ''Kootenai.'' All of the pleadings, however, are entitled, ''In the District Court of the Eighth Judicial District of the State of Idaho in and for the County of Benewah,'' and with the exception of the notice, refer to the lands as being located in Benewah county.

Sec. 5226, Rev. Codes, *supra,* which provides for the giving of the notice for the appointment of commissioners, fails to provide what such notice shall contain, but that ''upon ten days' notice to the adverse party, the district court or the judge thereof may appoint . . . . commissioners.''

In *Ex parte Bennett,* 26 S. C. 317, 2 S. E. 389, the court held a petition to be sufficient which set forth that the petitioner was desirous of constructing a railroad from G. to W. over and across the. lands of B., that the company's railway would extend about three-fourths of a mile through the lands of said B., and that it should be 100 feet wide.

The notice in question in this case gives the section, township and range, and we think is sufficiently definite to apprise the owner of what and how much of his land is to be condemned, and for what purpose. As held in the case of *Kuschke v. City of St. Paul,* 45 Minn. 225, 47 N. W. 786: ''The notice was not for the information of strangers to the property . . . . but of the owners of and persons interested in it. If it contained enough, in connection with what they already had notice of, to apprise them what property was to be taken, the purpose of notice was accomplished.''

This notice refers to the verified complaint for a further description of the property sought to be condemned, and upon examination of the verified complaint and map attached thereto, it is apparent to our mind that a competent surveyor could very readily locate the land sought to be taken by the plaintiff. In the case of *St. Louis O. H. & C. Ry. Co. v.*

*Fowler,* 113 Mo. 458, 20 S. W. 1069, the court said: "There is no doubt but the petition may, as does this one, refer to a plat filed therewith for an accurate description of the property sought to be taken; and, if well described on the plat, that is sufficient. The plat in this case appears to be prepared with care, and, since it specifies the scale on which it is made, it cannot be difficult for a surveyor to locate the strip with certainty; and, that being so, the description is sufficient." In Lewis on Eminent Domain, 3d ed., sec. 550, p. 982, we find the following rule stated: "Though a petition ·does not give the county, state or meridian; yet if it gives the section, township and range, and it is fairly inferable from the petition that the property is in the county where the petition is presented, it will be sufficient."

Counsel for the Empire Mill Company, with his well-known zeal and learning, strenuously objects to the use of abbreviations for meridian, township and range. In the case of *Stanton v. Hotchkiss,* 157 Cal. 652, 108 Pac. 864, the court said: "Courts will take judicial notice of government surveys of public lands, . . . . " and as said in the case of *McChesney v. City of Chicago,* 173 Ill. 75, 50 N. E. 191: "The court will take judicial notice of the meaning of such abbreviations. . . . . " We think that the description given in the complaint and the notice was sufficient in so far at least as the question of the sufficiency of the notice is concerned, and we do not deem it necessary at this time to pass upon the sufficiency of the complaint.

Many of the objections urged and so ably contended for by counsel are purely technical and do not, in view of section 4231, Rev. Codes, apply in a proceeding of this nature. Said section provides: "The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and no judgment shall be reversed or affected by reason of such error or defect." In the case of *Fegtly v. Village · Blacksmith Min. Co.,* 18 Ida. 536, 111 Pac. 129, this court said: "We are admonished by the provisions of sec. 4231 of the Rev. Codes that, 'The court must, in every stage of an

action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect.' In view of the admonition of the foregoing provisions of the statute, we would not feel justified in holding that the court committed error in overruling the demurrer to the complaint in this case or that it was reversible error to admit the evidence offered by the plaintiff as to the corporate existence of the defendant, and the action and conduct of its board of directors in reference to the contract and transactions involved in the action.'' In the case of *Harpold v. Doyle,* 16 Ida. 671, 102 Pac. 158, this court said: ''It is only where by reason of an incorrect notice the defendant has been misled and where he might be injuriously affected by such variance that the court will take notice of mere irregularities. Under the provisions of sec. 4231, Rev. Stats., this court is directed in every stage of an action to disregard any errors or defects in the proceedings which do not affect the substantial rights of the parties.''

All of the irregularities pointed out by counsel in the proceedings leading up to and including the service of the notice for the appointment of commissioners are such that the substantial rights of the defendants can in no wise be injuriously affected.

It appears from the affidavit in support of the petition for the alternative writ of prohibition, that the original summons in this case was filed on February 15, 1915, and on March 16, 1915, was, by order of the court, quashed. Thereafter, on March 16, 1915, the Hon. John M. Flynn, District Judge, upon application of the plaintiff Tyson Creek Railway Company, made an order authorizing the withdrawal of the original summons from the files of this action for the purpose of serving the same upon the defendant. Counsel for petitioner contends that this action upon the part of the court was void; that the summons was *functus officio,* and no longer a live and existing process in said action. That being true, counsel insists that the service of the notice to appoint commissioners was invalid. This court has already passed upon

this question contrary to counsel's contention, in the case of *Ridenbaugh v. Sandlin*, 14 Ida. 472, 125 Am. St. 175, 94 Pac. 827, in the following language:

"Under the provisions of sec. 3862, Rev. Stats., the court has control of its process, and may order a defective summons so amended as to conform to the requirements of the statute, and after amendment may order it withdrawn from the files and served.

"A summons once returned and filed with the papers in the case becomes a file of the court which cannot be withdrawn without permission of the court, *but the court may order it withdrawn and served upon any defendant in the case.* . . . .

"As soon as it becomes a file of the court, it is beyond the power of any party to the action to withdraw it without an order of court to that effect; but the court itself has control over the records and files in a case as well as over its own process, and it might order a summons already issued and on file to be withdrawn for service, or order an entirely new summons, as justice and the exigencies of the case may demand."

An order was made as heretofore stated, by the trial judge, for the withdrawal of said summons. The statutes in this respect were fully complied with.

There is no merit in counsel's contention, in so far as it affects the service of the notice for the appointment of commissioners.

It therefore follows that the demurrer to the application and affidavits must be sustained and the writ of prohibition denied, and it is so ordered. Costs are awarded to defendants.

Sullivan, C. J., and Morgan, J., concur.