(May 28, 1921.)

## ELLIOTT & HEALY, Copartners, Respondents, v. JOHN WIRTH, Appellant.

[198 Pac. 757.]

ALIAS SUMMONS—ORDER—DELAY IN SERVICE—FORMAL DEFECTS—JUDICIAL CONTROL OF PROCESS—SPECIAL APPEARANCE ON NONJURISDICTIONAL GROUNDS — ALLEGED INADEQUACY OF PRICE AT EXECUTION SALE.

1. Where neither an affidavit for service of *alias* summons outside the state nor the order based thereon contain the words *"alias* summons," yet both recite that summons had theretofore been issued, returned and filed with the clerk, and the *alias* summons, affidavit and order were issued, filed and made on the same day and recorded in the register of actions in the order given, in the absence of a contrary showing it must be presumed that such *alias* summons preceded the order in point of time and was "the summons" to which the affidavit and order refer, and that it was the *alias* summons ordered to be served upon the defendant outside the state.

2. A court has control over its process, and where proper jurisdictional facts empowering the court to act are established to its satisfaction, such process may be delayed but not defeated by mishaps occurring while in the hands of the person by whom service is to be made. It is within the power of the court to order a lost *alias* summons to be replaced by another upon being satisfied of such loss.

---

2. Parol proof of contents of lost or destroyed process, see note in Ann. Cas. 1916D, 252.

3.  Errors, defects or delays in the service of process which do not affect the substantial rights of the parties should be disregarded.

4.  The existence of a verified complaint on file stating a cause of action against a defendant upon whom service is sought to be made is an essential prerequisite to the issuance of an order for personal service of summons outside of the state, under the provisions of C. S., sec. 6677. Where such a complaint was actually on file at the time the order for service of summons was made, the presumption must be that the court so found, and such presumption is not overcome by a recital that a cause of action exists as appears by affidavit, when the affidavit refers to and adopts the complaint.

5.  Where a defendant purports to appear specially and moves that a sale under execution be set aside by reason of inadequacy of the sum paid for the property sold, he seeks relief which could be granted only upon the hypothesis that the court has jurisdiction of the cause. Such appearance is accordingly a general appearance and gives the court jurisdiction over him for all purposes of the case.

6.  Mere inadequacy of price at which property is sold under execution is not sufficient ground to set aside the sale, where the parties stand on an equal footing and there are no confidential relations between them and no element of fraud, unfairness or oppression is shown to have existed with respect to such sale.

7.  Where a litigant permits judgment to be taken against him by default he cannot be heard seven months after a sale upon execution in pursuance of such judgment to question the adequacy of the price for which the property in question was sold, in the absence of proof of fraud, unfairness or oppression with respect to the sale, or the existence of a confidential relation between the parties.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. P. McCarthy, Judge.

Action for attorney fees. Judgment for plaintiffs by default. Motion to quash the summons, vacate default and set aside judgment and sale under execution, denied. *Affirmed.*

Wyman & Wyman, for Appellant.

The order for service of summons outside the state must be based upon an affidavit made within a reasonable time

prior to the granting of the order. (*Forbes v. Hyde,* 31 Cal. 342; *Cohn v. Kember,* 47 Cal. 144; *Bank of Venice v. Hutchison,* 19 Cal. App. 219, 125 Pac. 252; *New York Baptist Union v. Atwell,* 95 Mich. 239, 54 N. W. 760; *Campbell v. McCahan,* 41 Ill. 45; *Roosevelt v. Land & River Co.,* 108 Wis. 653, 84 N. W. 157.)

A similar rule prevails as to the affidavit for attachment. (*Murphy, Grant & Co. v. Zaspel,* 11 Ida. 145, 81 Pac. 301.)

The existence of a cause of action in favor of plaintiff is a jurisdictional fact that must be shown in the manner required by statute. (*Lima v. Lima,* 26 Cal. App. 1, 147 Pac. 233; *Columbia Screw Co. v. Warner Lock Co.,* 138 Cal. 445, 71 Pac. 498; *County of Yolo v. Knight,* 70 Cal. 430, 11 Pac. 662.)

Where an attorney obtains a judgment against his client for legal services, while holding in his possession property of the client, and thereupon proceeds to sell such property at execution sale and buys the same for $50, while the property is admittedly worth more than $750, the sale should be set aside. (24 Cyc. 39; *In re Burr Mfg. & Supply Co.,* 217 Fed. 16, 133 C. C. A. 126; *Morton v. Wade,* 175 Ky. 564, 194 S. W. 802; *Roger v. Whitham,* 56 Wash. 190, 134 Am. St. 1105, 21 Ann. Cas. 272, 105 Pac. 628; *Las Vegas R. & P. Co. v. Trust Co.,* 15 N. M. 634, 110 Pac. 856; *Bank v. Doherty,* 37 Wash. 32, 79 Pac. 486; *McCoy v. Brooks,* 9 Ariz. 157, 80 Pac. 365; *Smith v. Arizona Eng. Co.,* 21 Ariz. 624, 193 Pac. 303.)

J. R. Smead, for Respondents.

The reference to the verified complaint which is made in the affidavit entitled such verified complaint to be considered as a part of the affidavit. (32 Cyc. 475.)

A trial court has control over its own process, may order that a summons which has been returned and filed be withdrawn and again served upon a defendant, or may order an entirely new summons to be served, as justice and the exigencies of the case may demand. (*Ridenbaugh v. Sand-*

*lin,* 14 Ida. 472, 125 Am. St. 175, 94 Pac. 827; *Harpold v. Doyle,* 16 Ida. 671, 102 Pac. 158; *Empire Mill Co. v. District Court,* 27 Ida. 383, 149 Pac. 499.)

There must be irregularities shown to exist, as in the time of the sale, the place, interference with or suppression of competitive bidding, a sale out of view of the bidders, or like matters or conduct, coupled with a grossly inadequate price, before an execution sale will be set aside. (*O'Callaghan v. O'Callaghan,* 91 Ill. 228; *Smith v. Randall,* 6 Cal. 47, 65 Am. Dec. 475; *Lacy v. Gunn,* 144 Cal. 511, 78 Pac. 30; *Anglo-Californian Bank v. Cerf,* 142 Cal. 303, 75 Pac. 902; *Johnson v. Johnson,* 66 Wash. 113, 119 Pac. 22; *Farmers' Loan Co. v. Oregon Pacific R. R. Co.,* 28 Or. 44, 40 Pac. 1089; *Dazet v. Landry,* 21 Nev. 291, 30 Pac. 1064; *Herr v. Broadwell,* 5 Colo. App. 467, 39 Pac. 70.)

BUDGE, J.—This action was brought by respondents to recover $718 for legal and professional services rendered by them to appellant.

From the record it appears that on April 28, 1917, a verified complaint was filed herein, summons was issued, and certain capital stock of the Ames Wholesale Grocery & Supply Company, owned by appellant, was attached; that on May 9, 1917, the sheriff filed the summons with the clerk, with his return thereon that after due and diligent search and inquiry he was unable to find appellant in Ada county, state of Idaho; that an *alias* summons was issued; that respondents filed an affidavit, dated April 30, 1917, for service of summons on appellant outside of the state, and the court ordered service to be made upon appellant outside of the state and at his residence at or near Creswell, Oregon; that the *alias* summons was mailed on May 15, 1917, to the sheriff of Lane county, Oregon, for service, by whom it was lost; that on July 21, 1917, the court, on motion of respondents supported by affidavit of such loss, ordered the clerk to issue a second *alias* summons; and that this second *alias* summons was duly served upon appellant

by the sheriff of Lane county, Oregon, on July 23, 1917, by delivering to and leaving with said appellant a copy of the *alias* summons attached to a copy of the complaint.

Appellant having failed to appear and answer the complaint, and the time allowed by law for answering having expired, his default was entered September 8, 1917, and judgment was rendered against him September 11, 1917, for $718 and costs. Execution was thereupon issued, and the stock theretofore attached was sold on September 20, 1917, to respondents, for $50.

On April 26, 1918, appellant, purporting to appear specially, moved the court to quash the summons and set aside the pretended service thereof, to vacate the default and set aside the judgment, and to set aside the sale made under execution. This motion was supported by the affidavit of appellant to the effect that the stock in question was worth more than $750, and that the certificate of stock had been placed by appellant in the hands of respondents in connection with legal services theretofore rendered to him by them, with which was submitted the answer and cross-complaint of respondents in an action in the district court wherein the Ames Wholesale Grocery & Supply Company was plaintiff and the appellant and respondents herein were defendants, in which respondents by way of cross-complaint in conversion allege "that the value of said stock and the said accumulated dividends and earnings thereof at the time of the conversion thereof by said corporation was the sum of $1,450."

Appellant's motion was overruled by the court on October 7, 1918, from which action this appeal is taken.

Appellant makes three assignments of error, and contends that the order of the court that service be made upon appellant outside the state had reference to the original summons, that the order for the issuance of the second *alias* summons was not made within a reasonable time after the affidavit for service of summons outside the state, that with respect to the existence of a cause of action the order was based upon

respondents' affidavit and not upon the verified complaint, and that the stock was purchased by respondents for a grossly inadequate consideration.

In their affidavit for service of summons outside the state, respondents allege "that personal service of said summons cannot be made" on appellant in this state and ask an order, "that personal service of the summons may be made outside the state in lieu of publication of summons and that said service of summons be made on defendant at his residence at Creswell, Oregon."

And that portion of the order referring to the summons contains the following language:

"And it further appearing that a summons has been duly issued out of said court in this action, and that personal service of the same cannot be made upon the said defendant for the reasons hereinbefore contained, and by the said affidavit made to appear; on motion of Elliott & Healy, attorneys for plaintiffs,

"It is ordered that the service of the summons in this action be made upon defendant by service outside of the state and upon said defendant at his residence at or near Creswell, Oregon."

While neither the affidavit nor the order contain the term "*alias* summons," yet both recite that summons had theretofore been issued, returned and filed with the clerk, and respondents did not ask, nor did the court order, that the · summons theretofore filed be withdrawn and again served, notwithstanding it was beyond the power of respondents to withdraw the summons without an order of court to that effect. (*Ridenbaugh v. Sandlin,* 14 Ida. 472, 125 Am. St. 175, 94 Pac. 827.)

The *alias* summons, affidavit and order having been issued, filed and made on the same day, and recorded in the register of actions in the order given, in the absence of a contrary showing we are constrained to presume that the *alias* summons preceded the order in point of time, and that that is "the summons" to which the affidavit and order refer.

Though the latter makes reference to the summons, the *alias* summons must, under the circumstances, be the summons ordered to be served upon appellant outside the state.

Since the first *alias* summons was lost, appellant further contends that the court was without authority to issue a second *alias* summons in lieu thereof, in the absence of a second affidavit and order for service outside of the state, and that the first affidavit cannot, by reason of lapse of time, support the action of the court in ordering the issuance of the second *alias* summons.

Numerous authorities are cited in appellant's brief to the effect that no appreciable time should elapse between the making of an affidavit for publication of service and the order therefor. Conceding the rule to be correct as announced in these authorities nevertheless they relate to the publication rather than to the personal service of summons outside the state, and are not in point for the further reason that the order complained of is not an order for service of summons outside the state, but an order to replace a lost *alias* summons theretofore directed by a valid order to be so served. The first *alias* summons was designed for service upon appellant at or near Creswell, Oregon, if he could there be found, and for return to the court with a proper certificate by the person who should serve the same indorsed thereon. How, then, can it be seriously contended that this summons by being mislaid by the person attempting to serve it thereby became *functus officio?* If it is the office of summons to be served and returned, this office is not fulfilled by loss prior to attempted service, nor do we think it would be contended that a summons temporarily mislaid might not be subsequently served. The court has control over its process, and where proper jurisdictional facts empowering the court to act are established to its satisfaction, such process may be delayed but not defeated by mishaps occurring while in the hands of the person by whom service is to be made, and we entertain no doubt of the authority of the court to

order the lost *alias* summons to be replaced by another upon being satisfied of such loss.

Moreover, appellant was in no wise prejudiced by the loss of the first *alias* summons and the issuance of the second. As was said by this court in *Empire Mills Co. v. District Court,* 27 Ida. 383, at 393, 149 Pac. 499: "As we view it, it is not so much a question of mere service, or the means adopted in order to obtain the service, but rather the fact of service, which would confer upon the court the jurisdiction. . . . . "

The fact of service is established in this case, and appellant's substantial rights were not affected by the loss of the first and the issuance of the second *alias* summons. The court will disregard any errors or defects which do not affect the substantial rights of the parties. (*Harpold v. Doyle,* 16 Ida. 671, 102 Pac. 158.)

With respect to the existence of a cause of action against appellant, the affidavit for service of *alias* summons contained the following provision: "That affiant believes that plaintiffs have a good cause of action in this suit against the said defendant, as will fully appear by plaintiffs' verified complaint filed herein and to which reference is hereby made, and that said defendant John Wirth is a necessary and proper party defendant thereto," while the order recites that: "It appearing from the affidavit . . . . that a cause of action exists in this action in favor of the plaintiffs therein and against the said defendant, and that the said defendant John Wirth is a necessary and proper party defendant thereto. . . . . "

It is insisted by appellant that in view of the foregoing language the order was based not upon the verified complaint but upon the affidavit, whereas the statute provides: "When the person on whom the service is to be made resides outside of the state . . . . and it . . . . appears by the verified complaint on file that a cause of action exists against the defendant in respect to whom the service is to be made, and that he is a necessary and proper party to the

action, such court . . . . if the address of the defendant outside of the state is known, may make an order that personal service of the summons may be made outside of the state in lieu of . . . . publication. . . . . " (C. S., sec. 6677.)

The existence of a verified complaint on file, stating a cause of action against the defendant upon whom service is sought to be made, is an essential prerequisite to the issuance of an order for personal service of summons outside of the state. Where such a complaint was actually on file, the presumption must necessarily be that the court so found, and this presumption is not overcome by a recital that a cause of action exists as appears by affidavit, when the affidavit refers to and adopts the complaint. (*Ligare v. California South R. Co.,* 76 Cal. 610, 18 Pac. 777; *Clemson Agricultural College v. Pickens,* 42 S. C. 511, 20 S. E. 401; *Coughran v. Markley,* 15 S. D. 37, 87 N. W. 2.)

Appellant attacks the action of the court in refusing to set aside the sale under execution, not alone because of defective service, but for the further reason that the stock in question was purchased by respondents for a grossly inadequate sum. While he purported to appear specially, yet he sought to have the court pass upon nonjurisdictional as well as jurisdictional grounds. The object and only office of a special appearance is the presentation of a purely jurisdictional objection, and, as was held in the case of *Burnham v. Lewis,* 65 Kan. 481, 70 Pac. 337: "An appearance in an action by a defendant for any purpose other than to contest the jurisdiction of the court will give the court general jurisdiction over such person for all purposes of the litigation."

In *Nelson v. Nebraska Loan & Trust Co.,* 62 Neb. 549, 87 N. W. 320, the court said: "Whatever may have been the situation as to want of jurisdiction over the person of the plaintiff in error prior to the time he obtained leave to be made a party defendant and enter objections to the confirmation of sale, he thereby made a general appearance,

and the court acquired jurisdiction over him for all purposes of the case. He has invoked the power of the court regarding other matters than that of challenging its jurisdiction over him, has made a general appearance, and waived all objections as to the manner in which he was brought into court.''

When appellant appeared and moved that the sale under execution be set aside by reason of inadequacy of the sum paid for the property sold, he sought relief which could be granted only upon the hypothesis that the court had jurisdiction of the cause. The appearance was, therefore, a general appearance, and gave the court jurisdiction over him for all purposes of the case. (*Kaw Val. Life Assn. v. Lemke,* 40 Kan. 661, 20 Pac. 512; *Gorham v. Tanquerry,* 58 Kan. 233, 48 Pac. 916; *Security Loan & T. Co. v. Boston etc. Fruit Co.,* 126 Cal. 418, 58 Pac. 941; *Wight v. Citizens' Bank,* 17 N. M. 71, 124 Pac. 478; *Raymond v. Nix,* 5 Okl. 656, 49 Pac. 1110; *Nichols & Shepard Co. v. Baker,* 13 Okl. 1, 73 Pac. 302; *Belknap v. Charlton,* 25 Or. 41, 34 Pac. 758; *Smith v. Day,* 39 Or. 531, 65 Pac. 1055; *Bain v. Thoms,* 44 Wash. 382, 87 Pac. 504.)

Aside from the question as to whether appellant's affidavit affords sufficient proof of the value of the stock at the time of the execution sale, and whether respondents' cross-complaint heretofore mentioned may be considered as an admission that the stock and accumulated dividends and earnings thereof was of the value of $1450, the rule is well established that mere inadequacy of the price at which property is sold under execution is not sufficient ground to set aside the sale, where the parties stand on an equal footing and there are no confidential relations between them. (23 Cyc. 676.) No element of fraud, unfairness or oppression is shown to have existed with respect to this sale. The bare possession of the stock certificate gave respondents no unfair advantage, nor does it raise the presumption of any confidential relation existing between appellant and respondents. In view of these facts, appellant having permitted

judgment to be taken against him by default, he cannot be heard seven months after the sale to question the adequacy of the price for which the property was sold.

From what has been said it follows that the order appealed from should be affirmed, and it is so ordered. Costs are awarded to respondents.

Lee, J., concurs.

Rice, C. J., and Dunn, J., concur in the conclusion reached.

McCarthy, J., being disqualified, did not sit at the hearing and took no part in the opinion.